UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UOP LLC** | **CASE NO. 2:22-CV-01089** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDUSTRIA DEL HIERRO SA DE CV** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is an Appeal of Magistrate Judge Decision [doc. 26] filed by defendant Industria del Hierro, SA de CV ("Industria"). Plaintiff UOP LLC ("UOP") opposes the motion. Doc. 37. The appeal relates to the magistrate judge's order [doc. 8] granting UOP's Motion for Alternative Service [doc. 7] on Industria.

### I.
#### BACKGROUND

This suit arises from a dispute between UOP and Industria arising from the Custom Equipment Purchase Agreement and Supplemental Terms ("Agreement"), through which UOP agreed to purchase three modular pre-treatment trains (Trains A, B, and C) from Industria. Doc. 1. The trains, which are used for the pre-treatment of natural gas, are designed and supplied by UOP for its customer, Venture Global Calcasieu Pass, LLC, ("Venture Global") for the construction of its liquefied natural gas export facility in Cameron Parish, Louisiana. *See* doc. 4, att. 1.

UOP filed a complaint in this court, seeking damages and specific performance of Industria's obligations under the Agreement, and Motion for Preliminary Injunction, based

on Industria's alleged failure to deliver technical drawings and as-builts for Train C on the schedule contemplated by the parties' purchase orders and alleged statement that it will not fulfill this condition. Doc. 4; doc. 11, att. 3, ¶ 5. UOP maintains that it urgently requires these documents from Industria for its FERC compliance as well as to maintain the modular units it has received and complete those that were shipped incomplete by Industria. *Id.* at ¶¶ 10–11. Accordingly, it requests expedited relief. Industria, however, maintains that it was improperly served by email through counsel in this matter after the magistrate judge erroneously granted UOP's Motion for Alternative Service. It also asserts that this suit is subject to arbitration, and has filed a Motion to Dismiss pursuant to Rule 12(b)(5), or alternatively Motion to Compel Arbitration and Stay Pending Arbitration. Doc. 23, att. 1.

      The court first takes up Industria's appeal of the magistrate judge decision permitting alternative service. UOP had moved for alternative service under Federal Rule of Civil Procedure 4(f)(3), based on the time required to serve Industria (a Mexican company) through ordinary channels and its need for expedited relief. Doc. 7, att. 1. The magistrate judge granted the motion without assigning reasons. Doc. 8. Industria now requests that the court overrule that decision, arguing that it was contrary to law because email service runs afoul of its rights under the Hague Convention. Doc. 26.

## II.
## LAW & APPLICATION

### A. Standard of Review

A magistrate judge may hear and decide any pretrial matter pending before the district court. 28 U.S.C. § 636(b)(1). Because the magistrate judge's decision relates to a non-dispositive matter, Industria's appeal is governed by Federal Rule of Civil Procedure 72(a). Under this rule, the decision may only be overturned if the party challenging the decision can demonstrate that it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385–86 (5th Cir. 1995).

### B. Application

Under Federal Rule of Civil Procedure 4(f), service on a foreign defendant must comply with one of three provisions—by any means specified by international agreement (Rule 4(f)(1)), by methods of service to an individual in a country when there is no applicable international agreement (Rule 4(f)(2)), or using an alternative method of service if approved by the court and not prohibited by international agreement (Rule 4(f)(3)). This case implicates Rules 4(f)(1) and 4(f)(3).

The United States and Mexico are both signatories to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial matters, "a multinational treaty formed for the purpose of creating an appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time, thereby simplifying and expediting international service of process." *Mendoza v. PGT Trucking Inc.*, 2019 WL 6048031, at *1 (W.D. Tex. Apr. 29,

2019) (cleaned up). The Convention is "mandatory in all cases to which it applies." *Id.* (quoting *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 705 (1988)). Several courts have concluded that a method of service, such as email, not mentioned in the Hague Service Convention (either as an authorized means of service or as one in which the Convention "will not interfere") is preempted and therefore prohibited by international agreement, disqualifying it under Rule 4(f)(3).[1] *See Media Trademark and Licensing Ltd. v. COINGEEKLTD.COM*, 2021 WL 2895289, at *4 (D. Ariz. Jul. 9, 2021) (collecting cases). Others have concluded that a country's objection to postal service under Article X means of the Convention likewise renders email service in conflict with the agreement under Rule 4(f)(3). *Prem Sales LLC v. Guangdong Chigo Heating and Ventilating Equip. Co., Ltd.*, 2020 WL 6063452, at *5 (N.D. Tex. Oct. 14, 2020) (citing *Luxottica Grp. S.p.A. v. Partnerships*, 391 F.Supp.3d 816, 822 (N.D. Ill. 2019)). Still others have found that service by email is not prohibited by **any** international agreement, but in so doing have typically noted the possible exceptions in which it is permitted under the Convention in that case. *Capturion Network, LLC v. Liantronics, LLC*, 2021 WL 1083180, at *4 (S.D. Miss. Mar. 18, 2021); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2015 WL 13387769,

---

[1] In *Nagravision SA v. Gotech International, Ltd.*, the Fifth Circuit upheld service via email on a Chinese defendant under Rule 4(f)(3) and noted that challenges to this method under the Hague Convention "misse[d] the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)." 482 F.3d 494, 498 (5th Cir. 2018). That does not, however, answer the question of whether service by email is **prohibited** by international agreement, thus barring it as a means of service under Rule 4(f)(3). Moreover, as other district courts have pointed out, service as directed by the district court in *Nagravision* was compliant with Article 15 of the Hague Convention after failed attempts to serve the Chinese defendant through China's central authority and "in that context, email service was not prohibited by international agreement." *Prem Sales, LLC*, 494 F.Supp.3d at 413; *accord Luxottica Grp. S.p.A.*, 391 F.Supp.3d at 826 n. 7.

at *3 (E.D. La. Nov. 9, 2015); *Parsons v. Shenzen Fest Tech. Co., Ltd.*, 2021 WL 767620, at *3 (N.D. Ill. Feb. 26, 2021).

Upon review of the conflicting decisions, the court is persuaded that service by email conflicts with the applicable international agreement in this matter. As the Supreme Court noted in *Schlunk*, at its passage the Convention preempted other inconsistent methods of service. 486 U.S. at 703. Additionally, Articles 11 and 19 of the Convention permit signatories to consent to means of service not authorized elsewhere in the agreement. *Prem Sales, LLC*, 494 F.Supp.3d at 417 (citing *Anova Applied Electronics, Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 471–72 (D. Mass. 2020)). This structure supports the notion that the Convention prohibits means of service that it does not otherwise authorize. *Id.*

Mexico has objected to service through Article 10 and UOP fails to show its consent to any other means of alternative service, rendering service through its Central Authority the only means explicitly allowed under the Convention. *E.g.*, *Mendoza*, 2019 WL 6048031 at *2; *Compass Bank v. Katz*, 287 F.R.D. 392, 396–97 (S.D. Tex. 2012). UOP likewise fails to show an exception under the Convention that would permit alternative service in this matter; indeed, it has admitted that it did not even attempt to serve Industria pursuant to the Convention before filing its motion for alternative service. Accordingly, service via email conflicts with the Convention and is not permitted under Rule 4(f)(3) unless an exception is shown under that agreement. "As other courts have noted, 'this is not the most practical result,' but 'in the long run the Convention's rules may benefit' Plaintiff, considering that 'parties that comply with the Convention ultimately may find it easier to

enforce their judgments abroad.'" *COINGEEKLTD.COM*, 2021 WL 2895289 at *5 (quoting *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 480 F.Supp.3d 977, 987–88 (N.D. Cal. Aug. 19, 2020)).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Appeal [doc. 26] be **GRANTED**, that the decision [doc. 8] permitting alternative service be **VACATED**, and that email service on Industria be **QUASHED**. Consideration of the remaining motions in this case is hereby **STAYED** pending proper service upon and appearance by Industria.

**THUS DONE AND SIGNED** in Chambers this 7th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**